UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VSL DOKUMENTIKOS NAMAI,<br><br>                              Plaintiff,<br><br>   - against -<br><br>IFLSCIENCE LLC<br><br>                              Defendant. | Docket No. 1:17-cv-10068<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff VSL Dokumentikos Namai ("VSL" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant IFLScience LLC ("IFL" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three copyrighted photographs of mummies, owned and registered by VSL, a news and media outlet. Accordingly, VSL seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. VSL is a news and media outlet having a usual place of business at Odminiu g. 8 Vilnius LT-01122-Lithuania.

6. Upon information and belief, IFL is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 2120 East 23rd Street, 5th Floor, New York, New York 10010. Upon information and belief, IFL is registered with the New York Department of Corporations to do business in New York. At all times material, hereto, IFL has owned and operated a website at the URL: www.IFLScience.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. VSL is the copyright claimant of Photographs of mummies (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

10. The Photographs are registered with the United States Copyright Office and were given registration number VA 2-072-226.

### B. Defendant's Infringing Activities

11. IFL ran an article on the Website entitled *Smallpox Was A Newly Emerging Disease When It Swept The World*. See http://www.iflscience.com/health-and-medicine/smallpox-was-a-newly-emerging-disease-when-it-swept-the-world/all/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

12. IFL did not license the Photographs from Plaintiff for its article, nor did IFL have Plaintiff's permission or consent to publish the Photographs on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST IFL)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. IFL infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. IFL is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by IFL have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant IFL be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 24, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York
Tel: 516-233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff VSL Dokumentikos Namai*